IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALPH H. JURJENS, III,

                Plaintiff,

v.                                                                                           OPINION and ORDER

MARTHA J. MASCIOPINTO                                                    23-cv-88-jdp
and JUSTIN S. RIBAULT,

                Defendants.

---

Plaintiff Ralph H. Jurjens, III, proceeding without counsel, is currently incarcerated at New Lisbon Correctional Institution. Jurjens alleges that when he was at Columbia Correctional Institution, staff failed to adequately treat his seizure disorder and responded to one of his seizures by using unnecessary force against him. Dkt. 8. I granted the state defendants' motion for partial summary judgment on exhaustion grounds, dismissing Jurjens's excessive force claims and leaving only his Eighth Amendment and Wisconsin-law medical malpractice claims against defendants Dr. Justin Ribault and Dr. Martha Masciopinto. Dkt. 52. This order addresses several filings by the parties.

A. Motion for reconsideration

Jurjens moves for reconsideration of my decision granting summary judgment to the state defendants on his excessive force claims on exhaustion grounds. Dkt. 63. Federal Rule of Civil Procedure 54(b) permits the court to revise an order any time before the entry of judgment. But the court will grant a motion under Rule 54(b) only when necessary to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir 1987).

Jurjens's motion doesn't meet these standards. Jurjens contends that prison staff should have accepted his first two grievances about officers tazing him during a seizure under the prison regulations' "health and personal safety" exception to limitations on how many grievances an inmate could file in a week. He argues that I erroneously relied on *Ajala v. Tom*, No. 13-cv-102–bbc, 2014 WL 905467 (W.D. Wis. Mar. 7, 2014), in concluding that it was reasonable for the Department of Corrections to interpret that exception as not applying to grievances about past threats of harm: he states that the regulation containing that exception was amended with slightly different language when that portion of the Wisconsin Administrative Code was rewritten in 2018. But the amendments to the code weren't material to the meaning of the health and personal safety exception; under either version of the regulation the language is silent about what the phrase "health and personal safety" means. I continue to agree with the court's reasoning in *Ajala* that it was reasonable for complaint examiners to not invoke the health and personal safety exception for Jurjens's grievances because they were about a past event, not a current threat of harm.

Jurjens also argues that it was unfair for complaint examiners to return or reject his three grievances because the regulations' limitation on the number of grievances inmates could file in a week made it impossible for him to timely grieve all of his complaints. But this is incorrect: after returning his first two grievances about the tasing, the examiner gave him new 10-day deadlines to refile his grievance. Jurjens did not comply with this deadline, filing his third grievance 16 days after his second grievance was returned to him. The examiner erroneously rejected Jurjens's third grievance for failing to comply with the DOC regulations' 14-day deadline from the date of underlying incident; as I stated in my previous order I would have denied defendants' motion for summary judgment if this error were material. But because

Jurjens missed the explicit new 10-day deadline given to him by the examiner returning his second grievance, that error was not material. Nothing in Jurjens's motion for reconsideration persuades me that I was incorrect in granting the state defendants' motion for summary judgment on exhaustion grounds, so I will deny his motion for reconsideration.

**B. Motion to dismiss defendant Masciopinto**

Jurjens states that he wishes to dismiss defendant Masciopinto to focus on his other claims. Dkt. 65. I will grant that motion and dismiss the claims against Masciopinto with prejudice. I will deny Masciopinto's motion for summary judgment, Dkt. 43, and Jurjens's motion for extension of time to respond to that motion, Dkt. 57, as moot.

**C. Motion to compel discovery**

Dismissal of Masciopinto leaves defendant Ribault as the only defendant in this case. Jurjens moves to compel Ribault to produce a correctional officer's body camera footage from a December 2019 incident in which Jurjens states that he was tased during a seizure. Dkt. 64.[1] Jurjens's claim against Ribault is premised on Ribault's failure to prescribe him medication or otherwise treat him for seizures, leading to the later incident in which Jurjens was tased by correctional officers during a seizure.

Ribault opposes the motion to compel, stating that Jurjens did not confer with him after responding to his discovery request for the video by stating that with the dismissal of the correctional officer defendants, the footage isn't relevant to Jurjens's only remaining claims. Because Jurjens did not confer with counsel after receiving that response, I will deny his motion to compel.

---

[1] Ribault moved to extend his time to file a response to Jurjens's motion to compel. Dkt. 69. I will grant Ribault's motion and I will consider his opposition materials.

But time is short in the remaining schedule and the parties' filings raise an issue that has recurred in cases in this court, so I will address further the issue over video footage. Should Jurjens refile a motion to compel after conferring with counsel, I'd likely grant a motion to compel because I do not agree with Ribault that video footage of the later altercation with prison staff is irrelevant to Jurjens's claims against Ribault. Any injuries that Jurjens suffered because of mistreatment by Ribault would be relevant to damages. It might be difficult for Jurjens to prove that he was injured by correctional officers because of Ribault's earlier failure to better treat his seizures, but evidence about the injuries he suffered from seizures following Ribault's treatment is discoverable.

Also, the parties conferred to some degree before counsel formally responded to Jurjens's discovery request: counsel sent Jurjens a letter stating that "most video is automatically written over after 120 days unless it was specifically preserved before that deadline" but that counsel was still investigating whether the video had been preserved. Dkt. 64-7. This court cannot compel footage that no longer exists. But I have previously warned counsel representing state defendants that they must conduct comprehensive searches of potential repositories for video. *See Turner v. Boughton*, No. 19-cv-1001-jdp, 2023 WL 2474730, at *2 (W.D. Wis. Mar. 13, 2023) ("In future cases, I expect state defendants to double-check other potential repositories of footage before telling a plaintiff that the footage does not exist."). Should Jurjens submit another motion to compel, I will expect counsel to provide a detailed explanation of the efforts undertaken to locate the footage.

### D. Other motions

Jurjens moves to extend his deadline to respond to Ribault's motion for summary judgment, Dkt. 67, and to extend the discovery cutoff date, Dkt 72. He gives various reasons

to extend the schedule, including that Ribault hasn't tuned over the video footage of the December 2019 incident. I will grant Jurjens's motions and set new deadlines in the order below. But Jurjens does not need video footage to respond to Ribault's motion for summary judgment; I will not amend the briefing schedule further to accommodate the parties' dispute over the footage.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 63, is DENIED.

2. Plaintiff's motion to dismiss defendant Masciopinto, Dkt. 65, is GRANTED.

3. Defendant Masciopinto's motion for summary judgment, Dkt. 43, is DENIED as moot.

4. Plaintiff's motion for extension of time to respond to Masciopinto's motion for summary judgment, Dkt. 57, is DENIED as moot.

5. Defendant Ribault's motion for extension of time, Dkt. 69, is GRANTED.

6. Plaintiff's motion to compel discovery, Dkt. 64, is DENIED.

7. Plaintiff's motions to extend the schedule, Dkt. 67 and Dkt. 72, are GRANTED. The schedule is AMENDED as follows: plaintiff may have until November 25, 2024, to submit his opposition to defendant Ribault's motion for summary judgment. Ribault may have until December 4, 2024, to file a reply. The discovery cutoff date is extended to January 6, 2025.

Entered November 15, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge