IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALPH H. JURJENS, III,

                  Plaintiff,

   v.

JUSTIN S. RIBAULT,

                 Defendant.

ORDER

23-cv-88-jdp

---

Plaintiff Ralph H. Jurjens, III, proceeding without counsel, is currently incarcerated at New Lisbon Correctional Institution. Jurjens alleges that when he was at Columbia Correctional Institution, staff failed to adequately treat his seizure disorder. I granted summary judgment to defendant Dr. Justin Ribault on Jurjens's Eighth Amendment claim against him, and I relinquished jurisdiction over Jurjens's state-law medical malpractice claim against him. Dkt. 83. Jurjens moves for reconsideration of that decision. Dkt. 85. I will deny that motion.

ANALYSIS

The parties dispute whether Jurjens's motion should be considered under Federal Rules of Civil Procedure 59(e) or 60(b); Jurjens argues that his ability to file a Rule 59 motion within 28 days of the entry of judgment was affected by delays both in him receiving the judgment and in mailing his motion to the court. But even assuming that the more lenient Rule 59 standard applies to Jurjens's motion, I would deny it. To prevail under that standard Jurjens "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Jurjens's motion largely focuses on whether he timely served Ribault with interrogatories and requests for production of documents. But that discovery question was irrelevant to my summary judgment ruling; I had previously explained to Jurjens that his motion to compel discovery concerning these requests came too late to further extend summary judgment briefing and that Jurjens should respond to Ribault's summary judgment motions with the materials that he had already acquired. Dkt. 77 and Dkt. 83, at 9. Given this rationale and my grant of summary judgment to Ribault, I denied Jurjens's motion to compel as moot. Nothing in Jurjens's current motion persuades me that I was incorrect in handling his late-filed motion to compel.

Jurjens otherwise argues that my substantive decision on his Eighth Amendment claims was in error because defense counsel submitted "false evidence" about an overdose that he says didn't occur. But he doesn't submit anything suggesting that this evidence was fabricated by counsel. Rather, I take him to be saying that the underlying medical records didn't accurately recount the events of the case. He doesn't present any new evidence supporting this argument. He otherwise could have made this argument by opposing Ribault's motion for summary judgment, but he didn't file any opposition materials. Nothing in his current motion persuades me that I erred in granting summary judgment to Ribault. So I will deny Jurjens's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration, Dkt. 85, is DENIED.

Entered March 30, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge